UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| GARY LEE CHUTE, | ) | CIV. 11-5062-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| vs. | ) | MOTION TO REMAND |
| | ) | PURSUANT TO SENTENCE |
| CAROLYN W. COLVIN, | ) | FOUR OF 42 U.S.C. § 405(g) |
| Acting Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On August 5, 2011, plaintiff Gary Lee Chute filed a complaint appealing the denial of his application for disability insurance benefits and supplemental security income benefits by defendant, the Commissioner of the Social Security Administration ("Commissioner"). (Docket 1). On March 7, 2012, the court granted defendant's motion to remand pursuant to sentence six of 42 U.S.C. § 405(g). (Docket 23). On September 27, 2012, Mr. Chute filed a motion to enforce the court's remand order. (Docket 24). Mr. Chute argued the parties willfully failed to take any action on the court's March 7, 2012, remand order. Id.  The court held a status conference and was informed a hearing for Mr. Chute was scheduled before an Administrative Law Judge on December 11, 2012. (Docket 36).

On remand, the Administrative Law Judge ("ALJ") issued a partially favorable decision, finding Mr. Chute was disabled beginning on January 3,

2012.  The Commissioner now moves the court for an order reversing and remanding this action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Dockets 53 & 81).  The basis for the motion to remand is as follows:

> The Commissioner acknowledges that the ALJ erred in limited respects, and she believes that further administrative action is warranted in this case. On remand, the Appeals Council will remand the case to an administrative law judge [ALJ] for a *de novo* hearing, and (1) to reevaluate the onset of the claimant's disability pursuant to SSR 83-20 (evaluating the medical evidence including the opinions of Dr. Van Egeraat and calling a medical expert), and (2) to evaluate the evidence in light of the claimant's amended alleged onset of disability of July 12, 2008.

(Docket 54 at p. 1).

Mr. Chute opposes the motion and argues it is being "filed for the purpose of invalidating this Court's sentence six remand order . . . ."  (Docket 58 at p. 1).  Mr. Chute contends he has always alleged his onset of disability was July 12, 2008.  Id.  The government confirmed "the Appeals Council has been contacted by the agency counsel and advised it will exercise its discretion to leave the current finding of disability undisturbed."  (Docket 69 at p. 2).  Defendant notes in her brief, "[t]he agency will not disturb the ALJ's finding that [Mr. Chute] was disabled beginning on January 3, 2012[,] through the date of the ALJ's decision on January 14, 2013."  Id.  The only issue on remand

2

is to determine whether the alleged onset of disability occurred prior to January 3, 2012, as Mr. Chute contends. Accordingly, it is hereby

ORDERED that defendant's motions to remand (Dockets 53 & 81) are granted.[1]

IT IS FURTHER ORDERED that the Commissioner's decision in this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. See Shalala v. Schaefer, 509 U.S. 292 (1993).

IT IS FURTHER ORDERED that upon remand, the ALJ shall take further administrative action as required, including (1) reevaluating the onset of Mr. Chute's disability pursuant to SSR 83-20 (evaluating the medical evidence including the opinions of Dr. Van Egeraat); and (2) to evaluate the evidence in light of Mr. Chute's alleged onset of disability of July 12, 2008.

---

[1]The court notes if the defendant's motions to remand were denied and the court considered Mr. Chute's motion to modify the decision of the Commissioner, the result would be the same. This court is not authorized to adopt its own findings of fact but must accept the Commissioner's findings of fact if they are supported by substantial evidence. 42 U.S.C. § 405(g); Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006). The court reviews the Commissioner's decision to determine if an error of law was committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992). In this case, the Commissioner acknowledges the ALJ erred by failing to consider certain evidence related to the onset of Mr. Chute's disability. Because the ALJ failed to consider this evidence, the court could not consider this evidence in reversing the ALJ's determination; rather, the court would be required to remand the case to the ALJ for further consideration.

3

IT IS FURTHER ORDERED that plaintiff's motion to modify the decision of the Commissioner (Docket 75) is denied as moot.

IT IS FURTHER ORDERED that defendant's motion to stay the briefing schedule (Docket 65) is denied as moot.

IT IS FURTHER ORDERED that the current briefing schedule (Docket 49) is vacated.

IT IS FURTHER ORDERED that the government shall provide the court with a progress report every thirty days regarding the status of Mr. Chute's case on remand.

Dated October 29, 2013.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                CHIEF JUDGE