UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| GARY LEE CHUTE, | ) | CIV. 11-5062-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On October 29, 2013, the court entered an order reversing and remanding this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and entered judgment in favor of plaintiff Gary Lee Chute. (Dockets 85 & 86).

On November 19, 2013, plaintiff Gary Lee Chute, appearing *pro se*, filed a motion requesting the court recuse itself in this case and requesting formal charges of attempted murder be filed against various individuals. (Docket 88). On November 22, 2013, Mr. Chute filed a motion for amended findings and an amended judgment pursuant to Fed. R. Civ. P. 52(b). (Docket 92). Mr. Chute argues three orders (Dockets 83, 84, & 85) and the judgment (Docket 86) "must be set aside, vacated, and amended immediately." Id. The court will first take up Mr. Chute's motion under Fed. R. Civ. P. 52(b).

Rule 52(b) states:

> On a party's motion filed no later than 28 days after the
> entry of judgment, the court may amend its findings--or

> make additional findings--and may amend the judgment accordingly.

Fed. R. Civ. P. 52(b).

Mr. Chute argues the court's order (Docket 83) denying his motion asserting crime victim's rights pursuant to 18 U.S.C. § 3771 is erroneous. (Docket 93 at pp. 2-3). The court found § 3771 is not applicable in Mr. Chute's civil case. (Docket 83). Mr. Chute alleges he is the victim of a crime and § 3771 is not limited to criminal cases. (Docket 93 at p. 2). The Crime Victim's Rights Act provides the district court with authority to protect the victim's limited right to participate in the criminal trial process. 18 U.S.C. § 3771(a) & (b). Under the Act, victims can intervene in the district court to enforce their rights. 18 U.S.C. § 3771(d)(3). In this case, there is no ongoing criminal prosecution in which Mr. Chute is the alleged victim. The court denies Mr. Chute's motion as it relates to the court's determination § 3771 is not applicable in this case.

Mr. Chute's remaining arguments address the court's orders denying his motion for sanctions against Michael J. Astrue, former Commissioner of the Social Security Administration; Administrative Law Judge James W. Olson; and agency employee Marian Jones, and reversing and remanding the case for additional administrative proceedings. (Docket 93 at pp. 3-6). Mr. Chute provides no new factual material for the court's consideration. Rather, Mr. Chute simply reasserts his position his alleged onset date of disability was July 12, 2008. Id. As noted in the court's remand order, "[t]his court is not

2

authorized to adopt its own findings of fact but must accept the Commissioner's findings of fact if they are supported by substantial evidence." (Docket 85 at p. 3, n.1) (citing 42 U.S.C. § 405(g); Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006).  The Commissioner acknowledged the ALJ failed to consider evidence related to the onset of Mr. Chute's disability.  The purpose of the remand order was to direct the ALJ to consider evidence related to Mr. Chute's claim he was disabled as of July 12, 2008.  The court was not free to make this decision on its own.  See 42 U.S.C. § 405(g); Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992) (noting the court reviews the Commissioner's decision to determine if an error of law was committed).  There is no basis to amend the judgment under Rule 52(b).

     Mr. Chute also filed a motion requesting the court recuse itself from further proceedings and requesting formal charges of attempted murder be filed against various individuals.[1]  A remand under sentence four is a final judgment and "terminates the court's jurisdiction" over the case.  Travis v. Astrue, 477 F.3d 1037, 1039 (8th Cir. 2007).  Pursuant to the court's entry of judgment (Docket 86), the court's jurisdiction over Mr. Chute's case terminated on October 29, 2013.  Accordingly, it is hereby

---

[1] As a private citizen, Mr. Chute has no authority to initiate a criminal prosecution.  See Cok v. Costentino, 876 F.2d 1, 2 (1st Cir. 1989) (a private citizen has no authority to initiate a criminal prosecution); Sattler v. Johnson, 857 F.2d 224, 226-27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted).  The court has no authority to file criminal charges nor can the court direct that criminal charges be filed.

ORDERED that Mr. Chute's motion for amended findings and an amended judgment (Docket 92) is denied.

IT IS FURTHER ORDERED that Mr. Chute's motion (Docket 88) is denied as moot.

Dated November 26, 2013.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE